1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN STINCHECUM, et al.,                 Case No. 1:17-cv-00240-DAD-SAB

12              Plaintiffs,                    FINDINGS AND RECOMMENDATIONS
                                               RECOMMENDING DISMISSING ACTION
13        v.                                   FOR FAILURE TO COMPLY WITH
                                               COURT ORDER
14   DOLLAR GENERAL CORP.,
                                               (ECF Nos. 27, 28)
15              Defendant.
                                               OBJECTIONS DUE WITHIN FOURTEEN
16                                             DAYS

17

18        Plaintiffs John Stinchecum and Peta Stinchecum filed this action against Dollar General

19   Corp. on December 5, 2016, in the Fresno County Superior Court. (ECF No. 1, Exhibit A.) On

20   February 17, 2017, Defendant removed this action to the Eastern District of California. (ECF

21   No. 1.) On June 20, 2018, Defendant filed a notice that the parties have agreed to settle this

22   matter. (ECF No. 26.) An order issued requiring the parties to file dispositional documents

23   within thirty-days of June 21, 2018. (ECF No. 27.) The parties did not file dispositive

24   documents in compliance with the June 21, 2018 order.

25        On August 1, 2018, an order issued requiring the parties to show cause within fourteen

26   days why this action should not be dismissed for the failure to comply with the June 21, 2018.

27   (ECF No. 28.) The parties did not respond to the August 1, 2018 order.

28   / / /

                                               1

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' "  Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226.  The parties have informed the Court that they have settled this action.  The parties have been ordered to file dispositive documents and a to show cause for the failure to do so, but have failed to respond to either order of this Court.

This action cannot remain on the docket indefinitely and can proceed no further without the participation of the parties. The failure to comply with the orders of the Court and the Local Rules hinders the Court's ability to move this action towards disposition, and indicates that the parties do not intend to diligently litigate this action.

As it appears that the parties have settled the action, the risk of prejudice does not weigh for against dismissal of the action.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. This action can proceed no further without the cooperation of the parties and compliance with the order at issue and the Local Rules. This action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh the parties' failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's August 1, 2018 order requiring the parties to show cause why this action should not be dismissed expressly stated, " The parties are advised that failure to comply with this order will result in the recommendation that this action be dismissed for failure to comply with a court order." (ECF No. 28 at 2:3-5.) Thus, the parties had adequate warning that dismissal would result from their noncompliance with the Court's order.

Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED for the parties' failure to comply with orders of the court.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, the parties may file written objections to this findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **August 22, 2018**

UNITED STATES MAGISTRATE JUDGE