# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN STINCHECUM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DOLLAR GENERAL CORP., <br><br> Defendant. | Case No. 1:17-cv-00240-DAD-SAB <br><br> ORDER DISCHARGING ORDER TO SHOW CAUSE; VACATING SEPTEMBER 12, 2018 ORDER TO SHOW CAUSE HEARING; IMPOSING MONETARY SANCTION OF ONE HUNDRED FIFTY DOLLARS ON JAMES F. TIERNEY, III; VACATING FINDINGS AND RECOMMENDATIONS; AND DIRECTING CLERK OF THE COURT TO CLOSE THIS MATTER <br><br> (ECF Nos. 29, 30) <br><br> DEADLINE: SEPTEMBER 21, 2018 |

## I.

## BACKGROUND

Plaintiffs John Stinchecum and Peta Stinchecum filed this action against Dollar General Corp. on December 5, 2016, in the Fresno County Superior Court. (ECF No. 1, Exhibit A.) On February 17, 2017, Defendant removed this action to the Eastern District of California. (ECF No. 1.) On June 20, 2018, Defendant filed a notice that the parties have agreed to settle this matter. (ECF No. 26.) An order issued requiring the parties to file dispositional documents within thirty-days of June 21, 2018. (ECF No. 27.) The parties did not file dispositive documents in compliance with the June 21, 2018 order.

1

1        On August 1, 2018, an order issued requiring the parties to show cause within fourteen days why this action should not be dismissed for the failure to comply with the June 21, 2018. (ECF No. 28.) The parties did not respond to to the August 1, 2018 order.

       On August 22, 2018, due to the parties' non-response to the two prior orders, an order was filed requiring counsel to personally appear to show cause why monetary sanctions should not issue for the failure to comply. (ECF No. 30.) On August 27, 2018, the parties filed a stipulation to dismiss this action. (ECF No. 31.) On September 4, 2018, Alexandra Rambis filed a declaration in response to the orders to show cause and an order issued on September 6, 2018, discharging the order to show cause as to defense counsel. (ECF Nos. 32, 35.) On September 5, 2018, Plaintiff's counsel filed a notice of change of address, and on September 6, 2018, Plaintiff's counsel, James Tierney, filed a declaration in response to the orders to show cause. (ECF Nos. 34, 36.) On September 11, 2018, an order issued finding that monetary sanctions of one hundred fifty dollars ($150.00) were appropriate for counsel's failure to keep the Court informed of his current contact information and failure to comply with the orders of the Court. (ECF No. 34.) The order provided that counsel could appear at the September 12, 2018 hearing to contest the imposition of sanctions or notify the Court that he did not wish to challenge the sanction. (Id.) On this same date, the court received an email from counsel stating that counsel did not dispute the sanction.

## II.

## LEGAL STANDARD

       The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. See e.g. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Rule 16(f) of the Federal Rules of Civil Procedure authorizes the court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

       The court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc.,

501 U.S. 32, 43 (1991). The court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the court. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980). In order to coerce a defendant to comply with the court's orders, the court may issue sanctions for every day the defendant fails to respond to the court's orders to show cause. See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

The Local Rules of the Eastern District of California ("L.R.") provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." L.R. 184(a)

### III.

### DISCUSSION

Here, after the parties filed notice that this action had settled and were ordered to file dispositional documents, the Court has issued multiple orders to show cause in an attempt to have the parties comply with orders of the Court. Based upon the response of the parties, Plaintiff's counsel moved to a different firm and did not inform the Court of his change of address. Due to this failure to update his address, counsel did not receive the orders issued in this action.

Pursuant to the Local Rules of the Eastern District of California, "Each appearing attorney . . . is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney. . .. L.R. 182(f). Mr. Tierney left his prior firm on

May 15, 2018 but continued to represent the plaintiffs in this matter. (Decl. of James F. Tierney Re Failure to Comply with Court Order 2, ECF No. 36.) Mr. Tierney did not inform the Court of his change of address until September 5, 2018. (ECF No. 34.) Mr. Tierney was aware that this action had settled and requested that Defendant file the notice of settlement. (Tierney Decl. at 2.) He would therefore have been aware that dispositive documents would need to be filed once the settlement was completed.

Due to his failure to update his address this Court issued multiple orders to show cause and this has impeded the Court's ability to address other matters demanding the Court's attention causing delay in decision in other pending matters. Accordingly, the Court finds that sanctions of $150.00 are appropriate to address counsel's failure to update his address, and failure to comply with the orders of this Court.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 184, and the Court's inherent authority, monetary sanctions of $150.00 are imposed against James F. Tierney for his failure update his current address and failure to comply with orders of this Court;

2. James F. Tierney shall pay the amount of $150.00 to the Clerk of the United States District Court, Eastern District of California, no later than **September 21, 2018**;

3. James F. Tierney shall file a proof of payment within **five (5) days** of payment of the sanction;

4. The order requiring the personal appearance of counsel on September 12, 2018 is DISCHARGED and counsel need not appear at that time (ECF No. 30);

5. The findings and recommendations filed August 22, 2018 is VACATED (ECF No. 29);

6. The Clerk of the Court is DIRECTED to CLOSE the file in this case and adjust

the docket to reflect voluntary dismissal of this action, Fed. R. Civ. P. 41(a)(1)(A)(ii); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997); and

7. Failure to comply with this order may result in the issuance of further sanctions.

IT IS SO ORDERED.

Dated: **September 11, 2018**

_____
UNITED STATES MAGISTRATE JUDGE